IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 520 South Michigan Avenue Associates, Ltd., d/b/a The Congress Plaza Hotel & Convention Center,<br><br>        Plaintiff,<br>v.<br><br>Alderman Robert Fioretti and the City of Chicago,<br><br>        Defendants. | No. 07 cv 4245<br><br>Judge Ronald A. Guzmán |

## ORDER

Defendants move to bar the report and testimony of, plaintiff's expert, Bernard Citron. For the reasons given below, the motion is denied.

In the case at bar plaintiff seeks to prove that the City conditioned the issuance of a sidewalk cafe permit on settlement of a labor dispute. The evidence it offers, as best the Court can discern is this. Sidewalk café permits are issued by a vote of the City Council or City Council Committee. The Council's unwritten custom and/or policy is to allow each alderman veto power over issuance of a permit in his ward. Therefore, the City acts through the individual alderman when it denies an application. Fioretti, therefore, acted for the City when he conditioned the issuance of a permit on settlement of the labor dispute. The expert in this case, Bernard I. Citron, may testify as to the Council's policy to allow each alderman veto power over issuance of a permit in his ward. If he testifies as to this, his testimony meets all of the criteria announced in Daubert.

He has sufficient facts and data upon which to base such a conclusion as he has 22 years of experience with all types of permit and zoning applications both from the point of view of the applicants as a private practitioner and before that from the city's perspective when he worked as corporation counsel. He has therefore, observed, experienced and studied the very process with which we are concerned and about which he opines. He has more than sufficient facts and data upon which to conclude what the custom and practice of the City Council is in this respect.

The testimony is the product of reliable principles and methods. The only method used in

this case is that of observation and analysis. The witness is testifying as a person who has specialized knowledge based upon his years of observing, studying and analyzing the process he is testifying about from several different vantage points – corporation counsel, private practitioner and teacher (Mr. Citron is adjunct professor at John Marshall Law School where he teaches land use law in the Master of Real Estate Program). Such detailed observation is a reliable method upon which to reach factual conclusions. While Mr. Citron does not offer statistical analysis to support his conclusions, the Court finds that his depth of experience as a practitioner in the very processes involved is sufficient to establish that his observations and the conclusions he draws from them are reliable. Mr. Citron's knowledge is not merely academic. He relies upon the correctness and accuracy of his conclusions in his everyday representation of his clients which include developers and land and building owners in the City of Chicago in the areas of land use, municipal law, redevelopment projects, senior citizen housing, single and multiple family residential housing, motels and commercial real estate projects.

The methodology is applied reliably to the facts of the case. While it is true that Mr. Citron has not reviewed the applications in this case, he has observed the process with many similar applications and, thus, he is in a position to testify as to the City Council's custom and practice in passing upon the application in this case. Defendants are free to challenge, of course, the degree to which the conclusions are accurate and correct and/or applicable to the instant application process. But, those factors go to the weight to be given to the expert's testimony and not to its admissibility. The Court is satisfied that the expert's testimony will aid the trier of fact in determining one of the factual issues in this case, i.e., what was the City Council's custom and practice in passing upon applications such as the one in this case. The danger of confusion or that the trier of facts will be unduly influenced by such expert testimony is greatly reduced in a bench trial such as this. It is not likely that the Court will be unable to critically analyze the probative value of plaintiff's expert testimony in light of all of the facts surrounding the witness' background and expertise and the factors which might tend to call his opinions into question. If the City Council's custom and practice was to allow an Alderman to control the destiny of any application relating to property in his ward, then, while not by itself conclusive of the issue, such a fact nevertheless makes it more likely that this is what occurred in the case at bar.

For the reasons given above, the motion to bar is denied.

Dated: July 7, 2009

**SO ORDERED**   ENTER:

RONALD A. GUZMÁN
District Judge